UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: **1:21-CR-00068** |
| ) | |
| **JENNY LOUISE CUDD, ET. AL.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF
JENNY CUDD'S MOTION FOR DISCOVERY

Jenny Cudd requests that this Court order the Government to produce Discovery without further undue delay.

BACKGROUND

Jenny Cudd was arrested on January 13, 2021, on a warrant for misdemeanor trespass and picketing violations, the Government alleging nonviolent conduct at the Capitol on January 6 in their Statement of Facts. The arresting Government agents seized and searched two cell phones they found in Ms. Cudd's possession during the arrest. A copy of the search and seizure warrant for either of these two phones was not provided to Ms. Cudd.

Defense counsel discussed Discovery with the Government in the first weeks following Ms. Cudd's arrest in January. A reminder was sent via email on January 27. Defense counsel followed up with a phone conference on January 29. While Discovery was promised in this phone conference, it was not delivered.

On February 1, 2021, defense counsel sent a formal letter requesting Discovery. "While Discovery was promised, we have not received it. As time passes without review of Discovery, the Defense is rendered handicapped and unable to effectively prepare a defense, while the Government continues increasing its offense," Ms. Cudd's counsel aptly predicted.

Indeed, just two days later, Ms. Cudd was indicted on the misdemeanors for which she was arrested, in addition to a surprise charge, a felony offense alleging that Ms. Cudd acted "corruptly."

On February 16, 2021, Ms. Cudd was arraigned on the Indictment. At this point, over a month after the arrest, the Government had still not produced any discovery to Ms. Cudd.

At the arraignment hearing, the Government requested a continuance to March 12, 2021, to produce Discovery to the defendants, and asked the defendants to toll their speedy trial rights during this period of production. In good faith reliance on the Government's promise at that hearing to produce Discovery, which mirrored the promises made outside of court, Ms. Cudd waived her right to a speedy trial under the Sixth Amendment for this period.

On February 18, 2021, the Government produced its first and only batch of discovery materials to Ms. Cudd. The materials included:

- a 302 relating to the codefendant,
- two screen-record videos from Twitter, and,
- one screen-record video that appears to be from Facebook.

On March 2, 2021, undersigned counsel checked with the Government on the status of the security footage evidence of Ms. Cudd entering the Capitol. After all, this is the primary evidence on which the Government relied on in their Statement of Facts that was sworn to obtain

an arrest warrant for Ms. Cudd in the first place. This evidence was not provided to the Defense. In response, the Government attempted to get Ms. Cudd's counsel to agree to sign off on a highly prejudicial and unreasonably broad "Unopposed Motion for a Protective Order" and a coordinating proposed Order. Defense counsel refused.

Instead, counsel for Ms. Cudd reminded the Government on March 9 via email, "Discovery is a right of the defendant and a duty of the prosecutor, whether a protective order exists or not. I do hope to see more Discovery, and soon, as it sounds like the Discovery is available and is intentionally being held back in the hopes that the defendants will sign off on a protective order." Counsel for the Government disagreed that Discovery is intentionally being held back. A few minutes later, counsel for the Government followed up with an inquiry about a privilege log related to Ms. Cudd's phones and social media accounts.

Counsel for Ms. Cudd responded simply: "Please send me a copy of the warrant authorizing the seizure of the phone and the subsequent search of the phone. Certainly counsel must verify authority before providing the requested information." Counsel for the Government responded with a reminder about the "large volume of materials" and noted that the Government is "working on compiling fast track discovery for you as we speak." The warrant was not provided.

Now, concerned that the Government unlawfully seized and searched her client's phones, undersigned counsel responded as follows:

> I invoked my client's constitutional rights at the last hearing. I don't intend on all of a sudden waving her Fourth Amendment rights.
>
> I am asking you simple questions that should not be difficult for you to answer: whether you are in lawful possession of Ms. Cudd's phone and whether you had

>lawful authority to search her phone. If you are in lawful possession, please provide the authorization, and I will then provide a privilege log.
>
>If you are in unlawful possession of the phone and fruit of the search, you should not be reviewing the material in knowing and intentional violation of the Fourth Amendment.

The Government, at the end of this exchange, failed to provide a warrant, and failed to admit whether or not they have a warrant. Instead, the Government continued playing ambiguity games with the Defense, noting, "We are proceeding with our investigation lawfully and with the proper legal authorization."

In summary, two months have passed since Ms. Cudd's phones were seized and searched, and Ms. Cudd still has no knowledge of whether the Government was in possession of a warrant authorizing the search and seizure of either or both of these phones. Nor had Ms. Cudd had the opportunity to review the primary evidence on which the Government relied to obtain a warrant for her arrest.

Ms. Cudd asks for discovery under Rule 16 of the Federal Rules of Criminal Procedure, and all discovery of right pursuant to the Due Process Clause of the Fifth Amendment.

## ARGUMENT

Rule 16 of the Federal Rules of Criminal Procedure requires the Government to disclose certain enumerated discovery to the defendant upon defendant's request. Rule 404(b)(3) of the Federal Rules of Evidence requires the government to provide reasonable notice of any evidence of other crimes, wrongs, or acts committed by the defendant that it intends to offer at trial.

Most importantly, the Government has a Due Process obligation to produce material, exculpatory, and favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Strickler v. Greene*, 527 U.S. 263 (1999), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 475 U.S. 667 (1985), and *California v. Trombetta*, 467 U.S. 479 (1984). The Due Process Protections Act and Rule 5(f) of the Federal Rules of Criminal Procedure, as amended on October 21, 2020, require the production of these constitutionally-guaranteed materials under penalty of Court. As a reminder, this law originated in a decision made by this court in 2009, when Judge Emmet Sullivan vacated the conviction of United States Senator Ted Stevens of Alaska after the Government failed to disclose exculpatory evidence to the Defense. *United States v. Stevens*, 593 F. Supp. 2d 177 (D.D.C. 2009).

Under *Rovario v. United States*, 353 U.S. 53 (1957), if there is an informant and "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government must disclose the contents of the communication and/or the identity of the informer to the Defense, as applicable.

On top of all of this, the U.S. Attorney's Office General Discovery Policy (2015) boasts that the Government provides "discovery *beyond* what is required under Rule 16 and other governing federal law." (Emphasis added.)

On the issue of discovery related to the search of Ms. Cudd's cell phones, the Supreme Court has unambiguously held that the Government must secure a warrant before searching a cell

phone. *Riley v. California*, 134 S.Ct. 2473, 2495 (2014) ("get a warrant"). The Defendant is entitled to know if this was done.

Quite simply, the defendant is entitled to discovery and the Government is under obligation to provide it. The Government flaunts that they provide discovery even *beyond* their legal obligations yet have not provided Ms. Cudd with the standard discovery, let alone the *beyond* discovery. Ms. Cudd seeks all discovery due under the law and *beyond*.

The Government's contention that a protective order is warranted in this case is their burden to argue; however, it does not appear applicable, nor narrowly tailored, to the evidence they plan to introduce against Ms. Cudd.

The Government has already violated Rule 41(f)(1)(c) of the Federal Rules of Criminal Procedure, which requires the officer executing a search warrant to give a copy of the warrant and a receipt for the property taken to Ms. Cudd. The Defense needs to know if there were additional violations warranting a Motion to Suppress.

The Defense should not be pulling hair in order to obtain simple, standard discovery, such as search warrants. Nor should the existence or nonexistence of search warrants be concealed from the Defense. The Government's behavior in this case is inexplicable, other than adding to the suspicions of a selective and vindictive political persecution. The Government's unlawful and unconstitutional intentions will be addressed, if necessary, in future Motions.

## CONCLUSION

WHEREFORE the defendant asks that this Court enter an Order compelling the Government to produce discovery to Ms. Cudd without any further undue delay.

Respectfully submitted,
By Counsel:

/s/

Marina Medvin, Esq.
*Counsel for Jenny L. Cudd*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on March 10, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.
*Counsel for Defendant Jenny L. Cudd*