UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No: **1:21-CR-00068** |
| ) | |
| **JENNY LOUISE CUDD, ET. AL.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF
<u>JENNY CUDD'S MOTION TO SEVER DEFENDANT</u>

Jenny Cudd moves to sever her case from co-defendant Eliel Rosa.

**BACKGROUND**

Jenny Cudd and Eliel Rosa are facing identical charges for their entry into the Capitol building on January 6, 2021. According to the Government's Statement of Facts, the two were seen on security footage walking into the building, walking around, and walking out. There is no evidence of communications or a plan between the two to enter the Capitol. Instead, the evidence is purported to be that they were at the same place, at the same time, followed a crowd into the open doors of the Capitol building, then walked out. They didn't take anything, they didn't break anything.

The purpose of the government's joinder of these cases is (i) to create the appearance of a conspiracy or plan, something with which they are not charged, (ii) to bolster the illusion of a stronger case against each of the defendants through aggregation by creating a *where there's smoke there's fire* implication, and (iii) to readily admit evidence against them that would not be

admissible against the individual defendants if they were tried separately. For example, Mr. Rosa provided a statement to the agents. This statement would normally not be admissible in a trial of Ms. Cudd without Mr. Rosa taking the stand to testify and give Ms. Cudd an opportunity to cross examine Mr. Rosa; but if the cases are joined, the statement can be introduced against Mr. Rosa, and hence be presented at the trial of Ms. Cudd, without Mr. Rosa needing to take the stand and without Ms. Cudd's counsel having the opportunity to cross examine Mr. Rosa on that statement.

Ms. Cudd is prejudiced by the joinder of her case with Mr. Rosa and invokes her right for relief under Rule 14(a) of the Federal Rules of Criminal Procedure, seeking severance.

## ARGUMENT

**I.  Joinder Violates Ms. Cudd's Fifth and Sixth Amendment Rights To a Fair Trial By an Impartial Jury**

Ms. Cudd has asserted a violation of her Fifth Amendment and Sixth Amendment rights to a fair trial by an impartial jury and moved for a change of venue under Rule 21(a) of the Federal Rules of Criminal Procedure, to transfer her trial due to prejudice against her in Washington D.C. See *Memorandum in Support of Jenny Cudd's Motion for Transfer* [pending filing]. Mr. Rosa, however, does not ask for his case to be transferred out of Washington, D.C. If transfer is forced upon Mr. Rosa, *his* Fifth Amendment and Sixth Amendment rights will be implicated. On the other hand, if the case is held in Washington D.C. due in any part attributed to Mr. Rosa's position, Ms. Cudd's Fifth Amendment and Sixth Amendment rights are violated. As such, the constitutional rights of both defendants are implicated in the joinder of their cases.

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to

prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Supreme Court has imposed upon "the trial judge ... a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). In this case, the defendants' constitutional interests are opposed to each other and maintaining joinder will violate the Fifth Amendment and Sixth Amendment rights of one of the defendants. The Supreme Court has further held that "a district court *should* grant a severance under Rule 14 only if there is a serious risk that a joint trial would *compromise a specific trial right of one of the defendants*, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (Emphasis added). In this case, two specific trial rights are indeed compromised for each defendant: for Ms. Cudd, due process rights under the Fifth Amendment and the impartial jury right under the Sixth Amendment; and, for Mr. Rosa, due process rights under the Fifth Amendment and the place-of-trial prescription under the Sixth Amendment. Due to the compromise of at least one of the defendant's trial rights in the situation of a change of venue, the severance should be granted under *Zafiro*.

      Therefore, Ms. Cudd requests that her case be severed from that of Mr. Cudd, so that each party may exercise their respective constitutional rights without infringing on the trial rights of a co-defendant.

## II. Joinder Violates Ms. Cudd's Rights Under the Confrontation Clause of the Sixth Amendment

      Mr. Rosa made a voluntary statement to the FBI which the government plans to introduce as evidence against the parties. If Mr. Rosa is tried together with Ms. Cudd, his statement is

likely admissible without Mr. Rosa's testimony as a party admission. See Fed. Rule Evid. 801. However, if the defendants are tried separately, the statement is not admissible under Fed. Rule Evid. 802 and Mr. Rosa would have to take the stand and testify for his words to come in; and, Ms. Cudd would be entitled to cross examine Mr. Rosa in such a circumstance, under the Confrontation Clause of the Sixth Amendment.

The joinder of the cases will violate Ms. Cudd's trial right under the Confrontation Clause of the Sixth Amendment. See *Delaware v. Van Arsdall,* 475 U.S. 673, 680 (1986). Per the Supreme Court's decision in *Zafiro v. United States*, as discussed *supra*, severance "should" be granted when there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In this case the risk is not just serious, it is a guaranteed constitutional violation waiting to happen. For this reason, the cases must be severed Unser Rule 14(a) of the Federal Rules of Criminal Procedure to protect Ms. Cudd's trial rights, specifically her Sixth Amendment trial rights.

### III. Testimony of the Co-defendant is Required to Support Ms. Cudd's Defense

Ms. Cudd is prejudiced by the joinder of her case with that of Mr. Rosa, as Ms. Cudd will not be able to call Mr. Rosa as a defense witness if he is being tried as a co-defendant.

Ms. Cudd will seek Mr. Rosa's exculpatory testimony to show that there was no advance plan for Ms. Cudd to walk into the Capitol, that Ms. Cudd was not aware they were breaking the law by walking around inside, that Ms. Cudd did not act "corruptly," that Ms. Cudd did not "picket," that Ms. Cudd was not "disorderly," that Ms. Cudd did not have the intent to commit any of the offenses alleged, and, more generally and most importantly, to show that Ms. Cudd

did not commit any of the offenses of which she is accused. Mr. Rosa's testimony would support reasonable doubt for each count of the Indictment. Furthermore, Ms. Cudd would be able to examine Mr. Rosa on redirect, to place any government cross examination into context for the fact finder.

Ms. Cudd has made a sufficient showing that she requires the testimony of her co-defendant in order to support her defense. *See United States v. Ford*, 870 F.2d 729, 731 (D.C.Cir. 1989). Therefore, Ms. Cudd requests a severance under Rule 14(a).

**IV. Mr. Rosa Will Waive his Speedy Trial Rights, Ms. Cudd Will Not**

Ms. Cudd is entitled to a speedy trial under the Sixth Amendment and under 18 U.S.C. § 3161. It is anticipated that the Government will seek further continuances in this matter and ask the defendants to agree to toll speedy trial time calculations. Mr. Rosa, based on communications with his counsel, will agree to toll his speedy trial rights. Ms. Cudd, however, at this time, and for the reasons outlined in her *Memorandum in Support of Jenny Cudd's Motion for Discovery* [Document No. 25], will not agree to toll her speedy trial rights.

Per the Supreme Court's decision in *Zafiro v. United States,* as discussed *supra*, severance "should" be granted when there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro*, 506 U.S. at 539. Since Ms. Cudd's Sixth Amendment right to a speedy trial is implicated by Mr. Rosa, and vice versa, their constitutional trial rights are compromised if the cases remain joined. Therefore, the cases should be severed under Rule 14(a).

**V. Mr. Rosa Joins Ms. Cudd In Seeking To Sever Their Cases**

Mr. Rosa, through counsel, joins in this Motion to Sever.

## CONCLUSION

WHEREFORE the defendant asks that in order to preserve her trial rights, her case be severed from that of Mr. Rosa pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, for all or any one of the reasons stated herein.

Respectfully submitted,

By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Jenny L. Cudd*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on March 10, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____
Marina Medvin, Esq.
*Counsel for Defendant Jenny L. Cudd*

