## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Criminal Case No: **1:21-CR-00068** |
| | ) | |
| **JENNY LOUISE CUDD, ET. AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## JENNY CUDD'S REQUEST FOR
## *NOTICE* OF THE GOVERNMENT'S INTENT TO USE EVIDENCE AND
## *IDENTIFICATION* OF EVIDENCE THE GOVERNMENT INTENDS TO USE

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, defendant

Jenny Cudd requests Notice of the government's intent to use at trial specified evidence that the

defendant may be entitled to discover under Rule 16, and under the Due Process Protections Act

and resulting Rule 5, as amended on October 21, 2020, in order for the defendant to have a

meaningful opportunity to move to suppress the specified evidence under Rule 12(b)(3)(C).

"[C]ompliance with such a defense request is mandatory: 'the government, either on its

own or in response to a request by the defendant, must notify the defendant of its intent to use

certain evidence in order to give the defendant an opportunity before trial to move to suppress

that evidence.'" *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006) (internal citations

omitted). Pursuant to such a request by the defense, "the government must notify defendant of

the evidence that it intends to use in its case-in-chief—that is, the evidence that will appear on

the government's exhibit list for trial." *Id.*

The defense has been advised by opposing counsel that complete discovery in this matter is extraordinarily voluminous, encompassing the entirety of the January 6 investigation, so large that the defense law firm's collection of 10-terabyte hard drives will be insufficient to store the discovery in full. In corroboration of this claim, Congress has recently approved a $6.1 million budget for the DOJ to contract the creation of a discovery database of videos, photographs, documents and social media posts, presumably encompassing the entire January 6 investigation.[1] The government began transferring discovery materials to the database contractor on July 7, 2021. See Document 54. This discovery is expected to be comprised of thousands of hours of videos, hundreds of thousands of public tips, over one million Parler social media materials, triangulation records, etc. *Id*. The defendant has not yet received any of this discovery[2], nor access to this database — even though six months have passed since Ms. Cudd has been indicted.

This trial in this matter is expected to begin on February 7, 2022, with motions due before trial. Defense counsel will require a significant amount time to review the discovery materials before that time, just as the government has taken a significant amount of time to review these materials. But defense resources, compared to government resources, are scarce. And, the discovery will amount to unrestricted access to the entire January 6 investigation — evidence not particularized to Ms. Cudd. Defendant's private counsel will drown in this ocean of discovery without the government particularizing their million-plus pieces of January 6 evidence to *this* defendant, and *this* trial, allowing defense counsel to focus attention on evidence relevant to *this*

---

[1] Feds agree to pay $6.1M to create database for Capitol riot prosecutions, Politico (July 9, 2021), https://www.politico.com/news/2021/07/09/doj-database-capitol-riot-prosecutions-498911.

[2] Defense received some defendant-specific discovery that included arrest videos, some CCTV videos, copies of public tips, media interviews, social media posts, hotel receipts, flight receipts, and a 302 from co-defendant's interview. Defense counsel was told additional discovery is not yet available.

case. For these reasons, and as a matter of right, the defendant requests that the government provide formal Notice specifying and particularizing the evidence that the government plans to introduce at *this* trial against *this* defendant.

Moreover, the defendant requests *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief — pursuant to this Court's discretion and this Court's decision in *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006). Just as in the *Anderson* case, where identification of such materials was ordered for 500,000 pages of discovery, Ms. Cudd's case, with more than double this amount of materials expected, requires identification to aid defense counsel in parsing through the vast amount of materials. Reviewing over a million pieces of evidence without *identification* would be an insurmountable task, materially and undoubtedly impeding defense counsel's ability to prepare pleadings and an adequate defense, rendering counsel ineffective.

Furthermore, the defense requests an Order from this Court directing production of the requested Notice and identification of materials by a particular date, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief.

Respectfully submitted,
By Counsel:

/s/

_____
Marina Medvin, Esq.
*Counsel for Jenny L. Cudd*
MEDVIN LAW PLC

916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on July 13, 2021, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

_____

Marina Medvin, Esq.