**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 21-CR-68 (TNM)** |
| **JENNY LOUISE CUDD,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**UNITED STATES' RESPONSE TO DEFENDANT CUDD'S REQUEST FOR NOTICE
OF THE GOVERNMENT'S INTENT TO USE EVIDENCE AND
IDENTIFICATION OF EVIDENCE THE GOVERNMENT INTENDS TO USE**

The United States of America, by and through its counsel, the United States Attorney for

the District of Columbia, respectfully responds to defendant Jenny Cudd's Request for Notice of

the Government's Intent to Use Evidence and Identification of Evidence the Government Intends

to Use (hereinafter, Defendant's Request for Identification of Trial Evidence) (ECF No. 55). The

government responds to confirm receipt of the Defendant's Request, however, to the extent her

Request seeks Court intervention, her Request is premature and without merit.

As grounds for this response, the government relies on the following points and authorities,

and any other such points and authorities raised at a hearing on this matter.

**FACTUAL BACKGROUND**

On January 6, 2021, a joint session of the United States Congress convened at the United

States Capitol, which is located at First Street Southeast, in Washington, D.C. During the joint

session, elected members of the United States House of Representatives and the United States

Senate were meeting in separate chambers of the United States Capitol to certify the vote count of

the Electoral College of the 2020 Presidential Election, which had taken place on November 3,

2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately

1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Michael Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m.

This event in its entirety is hereinafter referred to as the "Capitol Attack" or "Capitol Breach." Over 500 individuals have been charged in connection with the Capitol Attack. Defendants Jenny Cudd is one of the individuals who unlawfully entered the Capitol and who has been charged with various crimes as a result. *See* Indictment (ECF No. 18).

As detailed in the Statement of Facts in support of the warrant for Jenny Cudd's arrest (ECF No. 1), on January 6, between approximately 2:35 p.m. and 2:54 p.m., Jenny Cudd and co-

defendant Eliel Rosa entered the United States Capitol without authorization to do so.  Video footage from security cameras captured Jenny Cudd inside the U.S. Capitol.

Later on January 6, Cudd live streamed video on Facebook. Cudd stated on the Facebook video that she was at the Willard Hotel, located at 1401 Pennsylvania Avenue NW, Washington D.C. 20004.  During the video, she made the following comments to confirm the location and date of the recording: "I am sitting in front of the Willard Hotel, as I always do when I am in DC protesting"; and, "I was here today on January 6th when the new revolution started at the Capitol." The video was posted on Cudd's Facebook account.

During the Facebook video, Cudd made the following statements admitting to entering the U.S. Capitol: "We were on the south lawn listening to the President and before the speech was over we started to head up to the Capitol."  She further stated, "we just pushed, pushed, and pushed, and yelled go and yelled charge.  We just pushed and pushed, and we got it."  She continued, "…and we got in.  We got up to the top of the Capitol and there was a door open and we went inside."  Additionally, further indicating her presence inside the U.S. Capitol, Cudd said, "We did break down the Nancy Pelosi's office door and somebody stole her gavel and took a picture sitting in the chair flipping off the camera."  Later in the recording, Cudd said, "They had to evacuate it before we charged the Capitol."  And she said, "I stood outside of the Capitol and I will send photos of that too."  In addition, she added: "[F]uck yes, I am proud of my actions, I fucking charged the Capitol today with patriots today.  Hell, yes I am proud of my actions."

On January 8, 2021, Cudd participated in an interview with a news station in which she described her actions on January 6, 2021, in Washington D.C., and again admitted entering the U.S. Capitol on that day.  Specifically, she stated, "we walked up the steps and walked inside an

open door [referring to the U.S. Capitol]." She added, "we the Patriots did storm the U.S. Capitol." And she declared, "Yes, I would absolutely do it again."

Jenny Cudd is charged by indictment with the following: (1) Obstruction of an Official Proceeding, and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Indictment (ECF No. 18).

On July 13, 2021, the Defendant filed the instant Request for Identification of Trial Evidence.[1]

## ARGUMENT

As a preliminary matter, it is unclear whether the Defendant intends her request to be treated as a motion to compel the production of discovery, a request for a pre-trial scheduling order that includes a date by which an exhibit list is due, or a notice filing to inform to the Court of a specific discovery request. To the extent the Defendant's request may be viewed as a motion to compel discovery or to set a date by which an exhibit list is due, it is premature. If the Defendant intended the request to be a notice of filing, then we respectfully request the Court

---

[1] On page 2, the Defendant stated, "[t]he defense has been advised by opposing counsel that . . . the defense law firm's collection of 10-terabyte hard drives will be insufficient to store the discovery in full." *See* Def. Request for Identification of Trial Evidence at 2. The government notified defense counsel that she mischaracterized the government's previous statement about the sufficiency of her firm's 10-terabyte hard drives. To be clear, undersigned government counsel never said that the defense hard drives would be insufficient. Undersigned government counsel told defense counsel that she did not know the answer to whether a 10-terabyte drive would be or would not be sufficient.

4

direct counsel for the Defendant to respond to the government's request for clarification of what is being sought.

I.       **A Motion to Compel Discovery is Premature and Should be Denied.**

At the conclusion of the document, which is styled as a "Request," the Defendant "requests an Order from this Court directing production of the requested Notice and identification of materials by a particular date, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief."   *See* Def. Request for Identification of Trial Evidence at 3 (ECF No. 55).  To the extent the Defendant's request may be interpreted as a motion to compel discovery, it is premature under Local Criminal Rule 16.1, and should be denied.  No previous request for the same information was submitted to the government.  *See* LCrR 16.1 ("No discovery motion shall be heard unless it states that defense counsel has previously requested that the information sought from the attorney for the United States and that such attorney has not complied with the request.").  Further, defense counsel has rebuffed the government's attempt to confer for the purpose of seeking clarification as to what is being requested.  Rather, in response to an email seeking further details about the nature of Defendant's request, counsel replied, "[t]he pleading is self-explanatory."

II.      **Defendant's Request for an Exhibit List Deadline is Premature.**

A trial date is scheduled for February 7, 2022.  At the last status hearing, on June 29, 2021, the parties agreed to a joint continuance to continue discovery and plea negotiations.  At the hearing on June 29, the parties agreed that the Court need not set a motions schedule or other trial deadlines at that hearing.  The Court has not set deadlines yet for motions or a deadline for the government to submit its Trial Exhibit List for the trial scheduled to begin in February 2022.

### III.   Defendant's Request for Identification of Trial Evidence is Without Merit.

Relying upon Federal Rule of Criminal Procedure 12(b)(4)(B), the Defendant requests that the government provide "notice of the government's intent to use at trial specified evidence" and that "the government must notify defendant of the evidence that it intends to use in its case-in-chief – that is, the evidence that will appear on the government's exhibit list for trial." *See* Def. Request for Identification of Trial Evidence at 1.   The Defendant further "requests that the government provide formal Notice specifying and particularizing the evidence that the government plans to introduce at this trial against this defendant." *Id.* at 3.   Finally, the defense requests "an Order from this Court directing production of the requested Notice and identification of materials by a particular date, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief." *Id.*

Defendant misunderstands and is not in compliance with Rule 12(b)(4)(B).   In *United States v. Gonzales*, Chief Judge Howell considered a defendant's motion for notice by the government pursuant to Rule 12 of intention to use specific evidence.   2020 WL 6158246 (D.D.C. Oct. 21, 2020).   The court described the function and purpose of the Rule:

> Rule 16 of the Federal Rules of Criminal Procedure authorizes a criminal defendant's discovery of documents and other materials that are "within the government's possession, custody or control" and are "material to preparing the defense," or "[that] the government intends to use . . . in its case-in-chief at trial [or that were] obtained from or belong[ ] to the defendant."   FED. R. CRIM. P. 16(a)(1)(B), (a)(1)(E).   Rule 12(b)(4)(B) imposes a distinct disclosure requirement on the government: "[a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."   FED. R. CRIM. P. 12(b)(4)(B).   The Advisory Committee's note to Rule 12 states that the purpose of the rule is to ensure that a defendant can "make [her] motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16."   FED. R. CRIM. P. 12, advisory committee's note (emphasis added).   Thus, "the government's obligation is qualified—it must only give notice of its intent to use evidence that may be subject to a motion to a suppress."   1A

> Charles Alan Wright & Andrew D. Leipold, FEDERAL PRACTICE AND
> PROCEDURE: CRIMINAL § 196 (5th ed. 2020).  This Rule does not oblige the
> government "to reveal non-discoverable information, its trial strategy, or other parts
> of its case, nor does it require notice of evidence that the government may use
> during cross-examination of a defense witness or as part of the prosecution's
> rebuttal case."  *Id.*

*Gonzales*, 2020 WL 6158246 at *4 (D.D.C. Oct. 21, 2020).  The court denied the defendant's

motion for notice under Rule 12(b)(4) and held that, in order for a defendant to trigger a notice

obligation under Rule 12, the defendant's request must identify potentially suppressive evidence

with specificity before the government is required to provide notice.  *See id.* 2020 WL 6158246 at

*5 (citing *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (denying defendant's

motion for unspecified Rule 12 disclosure).

As the court made clear in *Gonzales*, Defendant Cudd here cannot burden shift.  *Id.*  "Rule

12(b)(4)(B) only allows the defendant to obtain notice from the government *after* the defendant

has identified the evidence that it may want to move to suppress."  *Id.* (emphasis in original).

Furthermore, Rule 12 cannot be used by a defendant to require the government to produce

its exhibit and witness lists early.  *See id*.  Defendant Cudd's trial is not scheduled until February

7, 2022, the Court has not set pre-trial deadlines yet, and, at the last status hearing, the parties

agreed that the Court need not set pre-trial deadlines yet.  At a future date, when the Court sets a

deadline for the government's exhibit list, the government will provide the defense with an exhibit

list.

In support of her requests, the Defendant engages in misplaced reliance upon *United States

v. Anderson*, 416 F. Supp. 2d 110 (D.D.C. 2006), a decision in which the Court considered a

defendant's motion to compel where the defendant had already complied with Rule 12 and

identified specific categories of evidence in its request to the government.  Nowhere in the

Defendant's request does she identify the evidence that she may want to move to suppress as is

required by the rule. *See Gonzales*, 2020 WL 6158246 at *5. Indeed, the Defendant's Request goes even further than the request that was denied in *Gonzales*. Even if the Defendant filed a motion to compel in this case, no such motion would be ripe for filing.

### IV.     The Government Provided and Will Continue to Provide Discovery

Respectfully, the Defendant's request is unclear, however, to the extent she requests discovery, the government directs the Defendant's attention to the docket in this case. Each time the government provided discovery in this case, the government provided the Defendant with a letter containing an itemized description of the specific files produced. The government has made clear that the items produced to date are most directly relevant to Defendant Cudd's case.

Further, the government has kept the defense apprised of its efforts to compile and disclose discovery. The government also filed a detailed Discovery Status Report (ECF No. 54). In it, the government detailed the scope of its Capitol Breach investigation, the materials that it has accumulated, its efforts to continue collecting and assembling materials, and its plan to implement and continue to develop processes and procedures for ensuring that voluminous materials have been and will continue to by systematically reviewed. The government again described the discovery already produced to the Defendant, *specifically* the material that is most directly relevant to the Defendant.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Cudd's request be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:       */s/*
AMANDA FRETTO
D.C. Bar No. 1018284
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-7268
Amanda.Lingwood@usdoj.gov

9