

Marina Medvin, Esq. <marina@medvinlaw.com>

## Re: US v. Jenny Cudd and Eliel Rosa, 21-cr-68
1 message

**Marina Medvin, Esq.** <marina@medvinlaw.com>  Tue, Apr 27, 2021 at 10:49 AM
To: "Fretto, Amanda (USADC)" <Amanda.Fretto@usdoj.gov>

Hi Amanda,

Please advise your supervisors that I expect a plea offer in the realm of the Portland offers. Those offers were dismissals and no objection to expungement, in exchange for community service. The charges dismissed were more serious than those of my client. Half of the dismissals were for actual assaults/batteries of law enforcement officers. The fact that my client is charged 5 times for the same conduct isn't a reason to differentiate the case. Again, Jenny's conduct pales in comparison to assaulting law enforcement.

An informal and incomplete list of dismissals is below for your reference, in case you weren't aware.

Christine Lisa Margaux,  entering federal property and failing to obey a lawful order
Joshua Webb, assaulting a federal officer
Nicholas J. Bantista, assaulting a federal officer
Caleb Wills, assaulting a federal officer
Ella Deanne Miller,  Entering federal property and failing to comply with a lawful order
Travis Austin Hessel, a repeat riot offender who was charged with civil disorder
Zachary Roy Duffly, who was charged with disorderly conduct
Maurice Monson, charged with felon w/ body armor
Taimane Jame Teo - assault federal officer
Travis Williams - assault federal officer
Thomas Johnson - Assault on a Federal Officer
Jennifer Lynn Kristiansen - Assault on a Federal Officer, failing to obey lawful order
Michelle O'Connor - Civil Disorder.
James Hickerson - Failing to Obey a Lawful Order during
Joseph Lagalo,  Failure to obey a lawful order
Taylor Lemons - Felony assault on a federal officer.
Gabriel Huston- Assault on a federal officer
Hailey Holden - failing to obey a lawful order
Theodore O'Brien - assaulting a federal officer
Benjamin Wood-Pavicich - assaulting a federal officer
Pablo Avvacato - assaulting a federal officer
Ian Alec Wolf - creating a hazard of federal property and failing to obey lawful order
William Reuland - civil disorder
Douglas Dean - assault on federal officer
Paul Furst - failing to obey lawful order
Rebecca Mota Gonzalez's Federal charge for assaulting a federal officer
Stephen E. O'Donnell for assaulting a federal officer
Wyatt AshMilby - failing to obey a lawful order
Mark Kolyvanov - failing to obey a lawful order
Jeffrie Cary, assaulting a federal officer.
Richard Eric Singelstad - Civil disorder
David Hazan - failing to obey lawful order on federal grounds
Ezra K. Meyers, failing to obey a lawful order
Essence Sylvester - failing to obey a lawful order & disorderly conduct on federal property.
Alexis Richter - failing to obey a lawful order & disorderly conduct on federal property.
Jerusalem A. Callahan, willfully damage and destroy property

Nicholas Kloiber, charged w/ entering federal property and failing to obey a lawful order
Marnie Samantha Sager, previously Benjamin Samuel Sager, entering Federal property and failing to obey a lawful order

Sincerely,

**Marina Medvin, Esq.**
*Owner/Senior Trial Attorney*



**MEDVIN LAW** PLC
916 Prince Street
Alexandria, VA 22314
(888) 886-4127 (Ofc)
(703) 870-6868 (Dir)
(703) 870-3300 (Fax)
www.medvinlaw.com

*NOTICES:*
*This email may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. Further, if you are not the intended recipient, please reply to this email to let us know. Unless you have formally retained representation, any communication with this attorney cannot be construed as signifying the formation of an attorney-client relationship. For all recipients, this email contains general information only, and should not be construed as legal advice.*

On Tue, Apr 27, 2021 at 10:19 AM Fretto, Amanda (USADC) <Amanda.Fretto@usdoj.gov> wrote:

> Hi Ms. Medvin,
>
> In our phone call and in court, I stated that I had not been given a date certain for plea offers. I had hoped that we would receive guidance in a few weeks. As I explained, each case then requires an individual analysis and supervisor approval. Plea offers are not being withheld, and we are continuing to work on plea offers. As you know, this is a very large investigation with hundreds of defendants. We continue to work expeditiously.
>
> If there are particular mitigating factors related to Ms. Cudd and her case, if you want to send them along, I would be happy to review and share with my supervisors as we make a formal plea offer determination.
>
> Are you making a counter-offer? If so, please specify the charges to be included in the plea and the charges to be dismissed as a part of the plea, and I will take your counter-offer to my supervisors.
>
> I will let you know as soon as we have a formal plea offer for Ms. Cudd. Thank you.
>
> Best,
>
> Amanda

Amanda Fretto

Assistant United States Attorney

(202) 252-7268

Amanda.Fretto@usdoj.gov

---

**From:** Marina Medvin, Esq. <marina@medvinlaw.com>
**Sent:** Tuesday, April 27, 2021 9:37 AM
**To:** Fretto, Amanda (USADC) <AFretto@usa.doj.gov>
**Cc:** Shelli Peterson <Shelli_Peterson@fd.org>
**Subject:** Re: US v. Jenny Cudd and Eliel Rosa, 21-cr-68

Amanda,

Considering similar cases in Portland, where the DOJ dismissed misdemeanor charges (and even felony assault on law enforcement charges for half of the defendants), I am expecting a plea offer with similar terms for a nonviolent defendant with no criminal history who did nothing more than walk through open doors and take selfies.

When you spoke to me over the phone 6 weeks ago and encouraged my client to hear out the good plea offer that you would be offering in 2-3 weeks, I trusted it would be somewhere close to the terms of the Portland defendants.

In no way are we seeking to plead Jenny Cudd guilty to a felony overcharge. I'm not sure if that was a joke or not.

Do you know why the plea offers were withheld? You were very confident last time we spoke over the phone that we would get a plea offer in weeks, so not hearing anything from you at this point is concerning. What changed?

Sincerely,

**Marina Medvin, Esq.**

*Owner/Senior Trial Attorney*



**MEDVIN LAW** PLC

916 Prince Street
Alexandria, VA 22314

(888) 886-4127 (Ofc)

(703) 870-6868 (Dir)

(703) 870-3300 (Fax)

www.medvinlaw.com

*NOTICES:*
*This email may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. Further, if you are not the intended recipient, please reply to this email to let us know. Unless you have formally retained representation, any communication with this attorney cannot be construed as signifying the formation of an attorney-client relationship. For all recipients, this email contains general information only, and should not be construed as legal advice.*

On Mon, Apr 26, 2021 at 8:05 PM Fretto, Amanda (USADC) <Amanda.Fretto@usdoj.gov> wrote:

> Good Evening, Counsel,
>
> In anticipation of our next status hearing, I am reaching out to discuss the status of this case. We are still working on plea offers and discovery. I plan to request an additional 30-day continuance. Please let me know whether your clients are willing to consent to this continuance and exclude time for a plea offer.
>
> Ms. Medvin, you requested an update on plea offers. As I stated previously, I have not been provided with a date certain to extend plea offers. As you know, I anticipated that we would receive initial general guidance and then would need to engage in a case-specific analysis to determine the appropriate plea offer in this case. I have contacted my supervisors to request a case-specific plea offer for Ms. Cudd and Mr. Rosa. We do not anticipate having a formal plea offer in this case prior to our 4/29 status hearing. I have not received authorization to extend a formal plea offer. At this time, I can only extend an informal plea offer to the obstruction charge. We simply need more time to provide a formal case-specific plea offer. In the interim, I welcome an open dialogue about the plea offer and I would be happy to consider any mitigating information specific to your client that you would like to send to me.
>
> Please see the attached notice of filing and discovery correspondence regarding the materials disclosed via USAFX. We also have compiled additional discovery, which is with our discovery team being processed and bates stamped. I hope to have these additional disclosures to you soon.
>
> As always, please do not hesitate to let me know if you have any questions or would like to schedule a call to

discuss.  Thank you.

Best,

Amanda


Amanda Fretto

Assistant United States Attorney

U.S. Attorney's Office for the District of Columbia

555 4th Street, N.W.

Washington, DC 20530

Office:  (202) 252-7268

Amanda.Fretto@usdoj.gov