UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :
    v.                              :
                                    :   No. 21-CR-68 (TNM)
JENNY LOUISE CUDD,                  :
                                    :
           Defendant.               :
_____:

**GOVERNMENT'S NOTICE REGARDING SENTENCING BASED ON
DEFENDANT'S REPUDIATION OF AN ELEMENT OF THE OFFENSE**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, provides the following notice in advance of sentencing in this case, which is scheduled for tomorrow, March 23, 2022, at 4 p.m. It is the government's position that the defendant has repudiated an element of the offense through statements reflected in the Presentence Investigation Report and made in her Sentencing Memorandum. If the defendant persists in her repudiation of the element of the offense, the government respectfully requests that the Court continue the sentencing so that the government may determine what steps, if any, are appropriate.

In addition, the defendant's request for sanctions against the government in the form of dismissal of this matter should be denied. As confirmed by this Court's oral findings in *United States v. Couy Griffin*, 21-cr-92-TNM, the government has not violated any discovery obligation with respect to the location of the Vice President on January 6, 2021.

**FACTUAL BACKGROUND**

On January 6, 2021, Defendant Jenny Cudd unlawfully entered the Capitol. On January 6, 2021, prior to her entry, Cudd posted a Facebook live video in which she stated:

> Hey Patriots, Eliel and I are walking to the Capitol. They're already pepper spraying – the police are pepper spraying Trump supporters down there. Sancho called me

and told me that. . . . Pence has already betrayed us. President knew it was going to happen. He said many times in his speech, he said, 'I sure hope Pence does the right thing. But I'm hearing lots of stories that he won't.' Well get on Twitter, and you can see what Pence said. So we're headed down to the Capitol. And we're going to see what happens. Patriots have already pushed back one barricade. I think there are plenty of us that are willing to storm the Capitol. National Guard's out. I can tell you one thing – with all the people that drove here, there's also plenty of armed patriots.

After, at approximately 2:35 p.m., Cudd entered the U.S. Capitol building through the Upper West Terrace Door. While inside, she walked through the Rotunda, Statuary Hall area, and an area near the House Chamber. She exited through the Upper House Door at approximately 2:54 p.m.

After leaving the Capitol, Cudd posted another Facebook live video. In the video, she made the following statements:

- "And when Pence betrayed us is when we decided to storm the Capitol."

- "We just pushed and pushed and pushed and pushed and yelled 'go' and yelled 'charge' and on and on and on and on."

- We didn't vandalize anything. But we did. We did, as I say that. We did break down Nancy Pelosi's office door and somebody stole her gavel and took a picture sitting in the chair flipping off the camera."

- "So we stayed in the Capitol as long as we could until they started gassing us."

- "[F]uck yes, I am proud of my actions, I fucking charged the Capitol today with patriots today. Hell, yes I am proud of my actions."

- "I'm proud of everything that I was a part of today. And I'll be proud of everything that I'm a part of at the next one."

On January 8, 2021, Cudd participated in an interview with a news station in which she described her actions on January 6, 2021, in Washington D.C. and reiterated her pride in storming the Capitol. Specifically, she stated, "Yes, I would absolutely do it again."

Cudd is charged by indictment with: (1) Obstruction of an Official Proceeding, and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Indictment (ECF 18).

On October 13, 2021, Cudd pled guilty to one count of violating 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds. *See* Plea Agreement (ECF 75). Under 18 U.S.C. § 1752(a)(1), the government must prove that the defendant "knowingly enters or remains in any restricted building or grounds without lawful authority to do so." The plea agreement documents, the Plea Agreement and Statement of Offense, were filed on October 13, 2021. *See* ECF 75, 76. Paragraph 3 of the Plea Agreement provides, "Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty." ECF 75 ¶ 3. On the final page of the Plea Agreement, under the header "Defendant's Acceptance," the agreement provides, "I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement." *Id*. at 11. Cudd then signed the agreement under this statement. *Id*.

The Statement of Offense, attached to the Plea Agreement, sets forth the factual basis for the plea. *See* SOO (ECF 76). Relevant here, paragraph 16 of the Statement of Offense provides, "When the defendant entered the U.S. Capitol Building on January, it was a restricted building. The defendant knew at the time she entered the U.S. Capitol Building that she did not have lawful

3

authority to enter the building." The Court accepted the defendant's plea, and then scheduled the matter for sentencing.

On March 10, 2022, the U.S. Probation Officer filed the final Presentence Investigation Report (PSR). The PSR quotes Cudd's statements in the presentence interview. According to the PSR, Cudd stated, "I did not realize, at the time, that I was breaking the law when I walked inside through open doors to the Capitol. When I said on TV that I didn't do anything unlawful I genuinely meant that I did not believe that I did anything illegal. I am not trying to absolve myself of responsibility for entering the Capitol, but I wanted the court to know what I did not know at the time I walked in." PSR (ECF 86 at 9).

On March 16, 2022, the defendant filed her sentencing memorandum, which included similar sentiments. *See* Def. Sentencing Memorandum (ECF 89). Specifically, the memorandum states, "Ms. Cudd did not realize that entering the Capitol building was a criminal offense at the time she went in." *Id*. at 42. In the sentencing memorandum, the defendant also requests sanctions against the government for failing to timely provide exculpatory evidence, specifically the location of Vice President Pence at the time Cudd entered the U.S. Capitol building. *Id*. at 35-38.

On March 21, 2022, undersigned counsel spoke with defense counsel over the phone. Undersigned counsel noted that the statements made in the memorandum and PSR appeared to be a repudiation of one of Section 1752(a)(1)'s elements. Undersigned counsel asked whether defense counsel intended to repudiate these post-plea agreement statements or withdraw her plea. Defense counsel notified government counsel that Cudd was not withdrawing her plea and did not intend repudiate these post-plea agreement statements.

## ARGUMENT

**I.    Based on the defendant's representations in the PSR and her sentencing memorandum, this case should not proceed to sentencing.**

In the defendant's sentencing memorandum and with the defendant's statements in the PSR, the defendant repudiated an element of the offense. If the defendant persists in her repudiation of the element of the offense, the government requests that the Court continue the sentencing so that the government may determine the appropriate next steps, if any.

### a.    The Defendant has repudiated an offense element.

Under 1752(a)(1), the government is required to prove that the defendant "knowingly enter[ed] or remain[ed] in any restricted building or grounds without lawful authority to do so." The defendant's state of mind—*i.e.*, that the defendant *knowingly* entered or remained in a restricted area and *knowingly* lacked the authority to do so—is an element of the offense. Thus, the Statement of Offense requires the defendant to admit that she, "knew at the time she entered the U.S. Capitol Building that she did not have lawful authority to enter the building." ECF 76 ¶ 16.

In the defendant's sentencing memorandum and in the PSR, the defendant repudiated this element of the offense. In the PSR, the drafter quotes Cudd as stating, "I did not realize, at the time, that I was breaking the law when I walked inside through open doors to the Capitol. When I said on TV that I didn't do anything unlawful I genuinely meant that I did not believe that I did anything illegal. I am not trying to absolve myself of responsibility for entering the Capitol, but I wanted the court to know what I did not know at the time I walked in." PSR (ECF 86 at 9).

Cudd makes similar statements in her sentencing memorandum, filed March 16, 2022. ECF 89. Cudd's sentencing memorandum provides, "Ms. Cudd did not realize that entering the Capitol building was a criminal offense at the time she went in." *Id*. at 42.

By stating that Cudd did not know at the time she entered the U.S. Capitol building that she was not allowed to enter, Cudd is repudiating an element necessary to prove a conviction under 18 U.S.C. § 1752(a)(1).

### b. If the defendant persists in her repudiation, the Court should continue proceedings so the government may determine what steps, if any, are appropriate.

The defendant has provided conflicting statements of fact to the government. The statements set forth in the PSR and in the defendant's sentencing memorandum are in direct conflict with the facts in paragraph 16 of the Statement of Offense, as agreed to by the defendant. Since the defendant's knowledge at the time she entered the restricted building or grounds is an element, the government must determine whether it is appropriate to litigate a breach of the plea agreement. If this is the case, the government requests that the Court continue the sentencing currently scheduled for March 23, 2022, at 4:00 p.m. to provide the government time to determine what steps, if any, are appropriate.

### c. At a minimum, the defendant should not receive credit under the plea agreement for acceptance of responsibility.

If this matter does proceed to sentencing on Wednesday, this Court should not apply the offense-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Section 3E1.1(a) provides that if a defendant "clearly" demonstrates acceptance of responsibility for her offense, the offense level can be decreased by two levels. While entry of a guilty plea and admitting the conduct comprising the offense of conviction and all relevant conduct is "significant" evidence of acceptance of responsibility, such evidence can be outweighed by "conduct of the defendant that is inconsistent with such acceptance of responsibility." *See* U.S.S.G. § 3E1.1, cmt. 3. For that reason, the Sentencing Guidelines specifically state that "[a] defendant who enters a guilty plea is not entitled to an adjustment under [§ 3E1.1] as a matter of right." *Id.* Courts routinely deny the

acceptance of responsibility reduction to defendants whose post-plea conduct belies their claims of contrition. *See, e.g., United States v. Godfrey*, 863 F.3d 1088, 1096 (8th Cir. 2017) (defendant denied acceptance reduction based on repeated post-plea false statements claiming to have acted in self-defense or to have discharged firearm in air, claims which were contradicted by surveillance video and physical evidence); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014) (defendant convicted of assaulting corrections officer denied acceptance reduction for telling probation that he felt the officer "disrespected" him and that "men have to understand the consequences of disrespecting another man"); *United States v. Wineman*, 625 F.3d 536, 537-39 (8th Cir. 2010) (blaming others in internet posts).

**II.     Sanctions are not appropriate because there was no discovery violation**.

To prove a violation of 18 U.S.C. § 1752(a)(1), the government must prove that a defendant "knowingly enter[ed] or remain[ed] in any restricted building or grounds without lawful authority to do so." A "restricted building or grounds" is defined as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1).

In the defendant's sentencing memorandum, she requests sanctions against the government in the form of dismissal of this matter because of the government's alleged failure to provide exculpatory information—specifically, the exact location of Vice President Pence at the time Cudd entered the U.S. Capitol building—in a timely manner. *See* ECF 89 at 35-38.

On March 22, 2022, in *United States v. Couy Griffin*, 21-cr-92-TNM, this Court made a finding that Vice President Pence was moved from his ceremonial office to a loading dock below the Capitol building at 2:28 p.m. and remained there for a period of time. The Court further determined that the loading dock below the Capitol was within the restricted area for purposes of 18 U.S.C. § 1752. Cudd entered the U.S. Capitol building at 2:35 p.m. Vice President Pence was

7

in the restricted area at the time Ms. Cudd entered. Thus, there was, and is, no exculpatory information that the government could have or should have provided to the defendant, and sanctions are not warranted.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests (1) that if the defendant persists in her repudiation of the offense element, the Court continue the sentencing scheduled for March 23, 2022, at 4 p.m., so that government may determine what steps, if any, are appropriate, and (2) that the defendant's motion for sanctions against the government be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: _____
LAURA E. HILL
NV Bar No. 13894
Trial Attorney, Detailee
175 N Street, NE, 9th Floor
Washington, D.C. 20002
(202) 598-3962
Laura.E.Hill@usdoj.gov

## CERTIFICATE OF SERVICE

On this 22nd day of March, 2022, a copy of the foregoing was served on counsel of record for the defendants via the Court's Electronic Filing System.

/s/
LAURA E. HILL
Trial Attorney