

Marina Medvin, Esq. <marina@medvinlaw.com>

## Re: [EXTERNAL] Re: Interview with Defendant - US v. Jenny Cudd, 21-cr-68
1 message

**Marina Medvin, Esq.** <marina@medvinlaw.com>  Thu, Oct 14, 2021 at 1:41 PM
To: "Lingwood, Amanda Fretto (USADC)" <Amanda.Lingwood@usdoj.gov>

Amanda,

Jenny Cudd's cooperation obligations are outlined within the four corners of her plea agreement. The agreement that you drafted, and which you advised sternly and curtly "speaks for itself" in two separate emails, stated:

> "Your client agrees to allow law enforcement agents to review any social media accounts operated by your client for statements and postings in and around January 6, 2021, and conduct an interview of your client regarding the events in and around January 6, 2021 prior to sentencing."

The period by which you chose to contract Ms. Cudd to comply with her obligation is her sentencing date. This date is March 18 of 2022.

As such, we offered our availability, compliant with this condition, in February and March of 2022.

Below is a list of 21 dates for the government to choose from, all of which are prior to Ms. Cudd's sentencing.

- 2/16/2022
- 2/17/2022
- 2/18/2022
- 2/21/2022
- 2/22/2022
- 2/23/2022
- 2/24/2022
- 2/25/2022
- 2/28/2022
- 3/1/2022
- 3/2/2022
- 3/3/2022
- 3/4/2022
- 3/7/2022
- 3/8/2022
- 3/9/2022

3/10/2022

3/11/2022

3/14/2022

3/15/2022

3/16/2022

As a side note, it appears from some of your emails that you are under the impression that Ms. Cudd's plea agreement has a standard cooperation provision found in some other DDC plea agreements, such as the Cooperation provision found on Pages 6-7 of the plea agreement entered in *United States v. Jason Dolan*, 21-cr-28-15 (D.D.C.) and the accompanying § 5K1.1 substantial assistance language as is found on Page 5 of the Dolan plea agreement. Ms. Cudd's plea agreement does not contain standard cooperation language. Ms. Cudd's plea agreement contains no reference to § 5K1.1 cooperation, and specifically mentions that the government does not intend to file a Rule 35 cooperation motion.

The agreement signed and entered in Ms. Cudd's case is "the full and complete plea offer." And, "[n]o agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia."

I understand that you are now all of a sudden concerned about "timeliness." This is not a provision in our agreement and therefore immaterial. Nonetheless, I will point out to you that it was back in February that we began plea negotiations. The government did not extend a plea offer to the defendant until two weeks ago. Here is a summary of the past 8 months of us waiting for a plea offer:

> On Feb 12, you wrote: "Unfortunately, I will not be in a position to issue a plea offer before Tuesday. If your clients are interested in a plea offer, we ask that they agree to toll time and set a continued status date." We agreed, in good faith.
> 
> On Mar 4, you wrote: "We are continuing to work on discovery and plea offers, and I will keep you updated on status."
> 
> On Mar 10, you wrote: "Unfortunately, I will not be in a position to issue a plea offer before Friday. If your clients are interested in a plea offer, we ask that they agree to toll time and set a continued status date in 30 days."
> 
> On Mar 12, you spoke to me over the phone, prior to our hearing before Judge McFadden, and assured me that you believed a plea deal was coming in 2-3 weeks. I summarized our phone call in an email and sent it to you. I wrote, "Okay - Cudd will agree to toll ST for 30 days for possible case resolution based on your hopeful statement that a plea offer will be made in 2-3 weeks and based on your statement that you will move to unseal warrants and will provide redacted warrants in discovery. I told her we will still be working on the case as you will be responding to her motions and we will be drafting replies, just as we discussed." You then stated the same at our hearing, and I advised the judge that this is consistent with what you told me prior to the hearing.
> 
> On Apr 2, I wrote to you asking about the status of this 2-3 week deal. "Is there an update on the plea offers? It's been 3 weeks." You responded, "We are working on your requests and will let you know when we have an update."
> 
> On Apr 26, I checked in again. "I'm checking in on a plea offer again. I understand there has been at least one plea offer accepted by a defendant in another case. Please advise what to expect as far as timing at this point." You responded, "We are still working on plea offers and discovery. I plan to request an additional 30-day continuance. Please let me know whether your clients are willing to consent to this continuance and exclude time for a plea offer… I have contacted my supervisors to request a case-specific plea offer for Ms. Cudd and Mr. Rosa. We do not anticipate having a formal plea offer in this case prior to our 4/29 status hearing."

You also added in the Apr 26 email, "I have not received authorization to extend a formal plea offer.  At this time, I can only extend an informal plea offer to the obstruction charge. We simply need more time to provide a formal case-specific plea offer.  In the interim, I welcome an open dialogue about the plea offer and I would be happy to consider any mitigating information specific to your client that you would like to send to me." As a reminder, you have used this paragraph as the alleged "plea offer" extended to the defendant in our court proceedings on at least two occasions, which we have had to correct for the judge every time you brought it up.

On Apr 27, I responded to you, saying: "Considering similar cases in Portland, where the DOJ dismissed misdemeanor charges (and even felony assault on law enforcement charges for half of the defendants), I am expecting a plea offer with similar terms for a nonviolent defendant with no criminal history who did nothing more than walk through open doors and take selfies. When you spoke to me over the phone 6 weeks ago and encouraged my client to hear out the good plea offer that you would be offering in 2-3 weeks, I trusted it would be somewhere close to the terms of the Portland defendants. In no way are we seeking to plead Jenny Cudd guilty to a felony overcharge. I'm not sure if that was a joke or not." You replied with, "I had hoped that we would receive guidance in a few weeks. As I explained, each case then requires an individual analysis and supervisor approval. Plea offers are not being withheld, and we are continuing to work on plea offers." I then sent you a list of felony federal Portland cases that were dismissed with community service and asked for similar treatment for my client.

On May 20, I asked you for an update, to which you responded: "I will let you know when I have an update on the plea offer.  I anticipate we will have a response next week before our hearing."

On May 26, you wrote: "At our hearing tomorrow, I plan to update the court that during plea negotiations the parties both approached the government to determine whether a misdemeanor plea offer could be put on the table, and that the government is reviewing the request but has not made a final determination. I plan to request a 30-day continuance and tolling."

On Jun 21, you wrote: "I understand that you would like us to evaluate Ms. Cudd's case for a misdemeanor plea offer… We still will evaluate her case and let you know whether we can agree to extend her a misdemeanor plea offer."

On Jun 23, you wrote: "I understand that you would like us to evaluate Ms. Cudd's case for a misdemeanor plea offer.  We are considering your request and will let you know when we have an answer."

On Jun 28, you wrote: "Ms. Medvin, your client requested a misdemeanor plea and you provided additional information on 6/23.  We are reviewing the information you provided but will not have an answer for you before tomorrow on your request. We will need at least 30 days to continue to review this case and make a decision."

On Jul 12, you wrote in response to continuous concerns outlined by me, "We are working on plea offers. At every stage, I made it very clear that I did not have a date certain for plea offers." You then again again stopped us from filing additional motions, claiming motions will act as a cessation to plea negotiations.

On Jul 22, you wrote: "The government is still reviewing Ms. Cudd's case and your request for a misdemeanor plea offer. I checked with my supervisor again and I will not have an answer for you before our hearing next week...  If Ms. Cudd would like to continue plea negotiations, we need a continuance and exclusion of time."

(As a reminder, throughout the summer, I continuously updated you on various plea deals moving forward in other Capitol cases, via phone calls and emails. I also continuously emailed and called you about plea status in this case.)

On Jul 26, you informed us that Mr. Rosa will be receiving a plea offer, but Ms. Cudd's offer is still pending, saying: "the government is still reviewing Ms. Cudd's case and your request for a misdemeanor plea offer.  We will not have an answer for you before Thursday.  If Ms. Cudd would like to continue plea negotiations, we need a continuance and exclusion of time." On that date you also decided that you will no longer be taking phone calls from Jenny Cudd's defense counsel. You did not advise why Mr. Rosa received an offer but Ms. Cudd did not, responding with "We reached a decision on a plea offer for Mr. Rosa, so we extended him a plea offer. As you have been informed, we have not reached a decision for Ms. Cudd.  I do not have any further information to report as to Ms. Cudd."

On Aug 31, you wrote: "I spoke with a supervisor today and am going to elevate your request for a

misdemeanor plea offer again. I do not anticipate that I will receive an answer before our hearing this Thursday."

On Sep 27, at 5:12 PM, you finally sent us a misdemeanor plea offer for Ms. Cudd, asking for us to respond by Oct 11, which we did.

For the first time, on Oct 13, you mention that the government wants to move forward with getting information from my client "timely." This is 8 months after we began plea negotiations in February. At no time in those 8 months has the government ever been concerned with "timeliness." You did not include this "timeliness" concern in the plea agreement that you drafted and made clear is not subject to amendment.

You now ask about information from Ms. Cudd that "could arguably become stale a few months from now" — whatever that means. Aside from it being clear that Ms. Cudd's obligations are controlled by the plea agreement, not the government's desires du jour, the statute of limitations for federal prosecutions is at least 5 years, and the dates we provided to you are well within the SOL for whichever crimes you might be concerned with.

I understand you will be going on 6 months of maternity leave from December 2021 through May 2022, and it appears you wish to get this done before you leave. However, as I advised you, I am starting my leave in October and will not be available to do this before you start your leave.

We provided more than enough date options for the government to choose from, each of which is compliant with the plea agreement.

Let us know which of these dates the government prefers and we will add it to the calendar.

Sincerely,

**Marina Medvin, Esq.**
*Owner/Senior Trial Attorney*



**MEDVIN LAW** PLC
916 Prince Street
Alexandria, VA 22314
(888) 886-4127 (Ofc)
(703) 870-6868 (Dir)
(703) 870-3300 (Fax)
www.medvinlaw.com

*NOTICES:*
*This email may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. Further, if you are not the intended recipient, please reply to this email to let us know. Unless you have formally retained representation, any communication with this attorney cannot be construed as signifying the formation of an attorney-client relationship. For all recipients, this email contains general information only, and should not be construed as legal advice.*

On Wed, Oct 13, 2021 at 9:24 PM Lingwood, Amanda Fretto (USADC) <Amanda.Lingwood@usdoj.gov> wrote:

> Ms. Medvin,
>
> I have been thinking about whether there isn't a solution to this issue. In the interview, we will ask Ms. Cudd about the events in and around January 6. I do think we can wait to ask Ms. Cudd about her personal actions as that information likely will not become stale if she tells us a few months from now – because we likely already have that

information.  We can ask those questions in an interview when you return from leave.

If, however, she has information that could arguably become stale a few months from now, we would like to know about it now.  For example, if she has names of others who committed crimes on January 6 – particularly those individuals who have not been charged yet – or evidence of the same, or she was a witness of a crime, it is important that we receive that information in a timely manner.  If she has information that could become stale, we request that she provide it as soon as possible.  That could be accomplished through an email.  If she does not have that kind of information, then we don't have the same concern.

Please speak with your client and let us know if you have any information to relay to us.

Thank you,

Amanda

Amanda Fretto Lingwood

Assistant United States Attorney

(202) 252-7268

Amanda.Lingwood@usdoj.gov

---

**From:** Lingwood, Amanda Fretto (USADC) <ALingwood@usa.doj.gov>
**Sent:** Wednesday, October 13, 2021 4:19 PM
**To:** Marina Medvin, Esq. <marina@medvinlaw.com>
**Cc:** Lingwood, Amanda Fretto (USADC) <ALingwood@usa.doj.gov>
**Subject:** RE: [EXTERNAL] Re: Interview with Defendant - US v. Jenny Cudd, 21-cr-68

Ms. Medvin,

4 or 5 months from now is not at all timely.  Again, please provide a date and time for the interview in the next two weeks – or any time in October or early November – or whenever you want before you go out on leave to accommodate your schedule.  The agreement requires her to allow us to conduct an interview.  An interview before the plea hearing was not at all premature and it now seems that it would have been more suitable.

Thanks,

Amanda

Amanda Fretto Lingwood

Assistant United States Attorney

(202) 252-7268

Amanda.Lingwood@usdoj.gov

**From:** Marina Medvin, Esq. <marina@medvinlaw.com>
**Sent:** Wednesday, October 13, 2021 4:05 PM
**To:** Lingwood, Amanda Fretto (USADC) <ALingwood@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Re: Interview with Defendant - US v. Jenny Cudd, 21-cr-68

Amanda,

We had no interview scheduled. You wanted to schedule one prematurely before we had an agreement in place. I told you that I need to review the plea paperwork first, but gave you some available date options in early October while simultaneously advising you that we cannot schedule without reviewing the plea agreement. We never agreed to a date. Then, when you tried to schedule it again before we signed, I literally told you that "this is premature." (It's all in writing since you refuse to speak to us over the phone, behavior I previously questioned as biased towards my client. Check your emails.)

**We then agreed, per the agreement that you drafted and had us sign, without the ability to make any amendments, that Jenny Cudd is to do an interview "prior to sentencing." That's the wording in the agreement that you drafted — the same agreement that you told us was solid and unchangeable. You said "the agreement speaks for itself." You said it is "the complete agreement." You said there is nothing outside the agreement.**

Indeed, Cudd WILL do an interview "prior to sentencing," which is scheduled for 3/18/22. We offered it at the end of February or in early March. That gives us all plenty of time before the March 18 sentencing date.

Cudd is absolutely NOT in breach of the agreement by following the terms of the agreement, nor is she in breach by her lawyer going on maternity leave. Your threat is unethical, atrocious, sexist, and audacious. (This is especially shocking coming from someone who apologized for not working and getting information to the defense due to her own pregnancy complications earlier this summer. But we were understanding in response.)

You have been telling us since this March that you are working on getting us a plea. You got us a plea just two weeks ago in October. Had this plea been the one we expected, it would have been signed sooner and we would have had time before my maternity leave to do the interview. But alas, it was not; and we had significant back and forth on an unexpected plea. Now, your timing and the plea have put us all in a timeframe such that our availability is limited by nature — a fact you have been aware of since approximately June or so.

Do not send me threatening emails about terms not in our agreement. Do not falsify terms for an

agreement that you said "speaks for itself," just two days ago. We are, after all, talking about that same document that you said "is the complete agreement" which you "do not intend to supplement" by email.

I offered interview date options that are absolutely compliant with the plea agreement and which allow for very flexible scheduling.

On Wed, Oct 13, 2021 at 3:05 PM Lingwood, Amanda Fretto (USADC) <Amanda.Lingwood@usdoj.gov> wrote:

> Ms. Medvin,
>
> She must cooperate with the investigation.  If she does not want to cooperate, we will find her in breach of the agreement.  You backed out of the interview previously scheduled.  We will not allow any interference with this investigation or else we will bring it to the attention of the judge and Ms. Cudd will not receive credit for cooperation and she will be in breach of the plea agreement.
>
> We can do this next week if you are not available this week.  We also can arrange for a weekend interview.
>
> Thanks,
>
> Amanda
>
> Amanda Fretto Lingwood
>
> Assistant United States Attorney
>
> (202) 252-7268
>
> Amanda.Lingwood@usdoj.gov
>
> ---
>
> **From:** Marina Medvin, Esq. <marina@medvinlaw.com>
> **Sent:** Wednesday, October 13, 2021 3:00 PM
> **To:** Lingwood, Amanda Fretto (USADC) <ALingwood@usa.doj.gov>
> **Subject:** Re: [EXTERNAL] Re: Interview with Defendant - US v. Jenny Cudd, 21-cr-68
>
> The agreement says she has to do the interview before sentencing. Thats before 3/18. Not this week. I don't have availability this week.
>
> On Wed, Oct 13, 2021 at 2:55 PM Lingwood, Amanda Fretto (USADC) <Amanda.Lingwood@usdoj.gov> wrote:
>
>> Hi Ms. Medvin,

We need to do the interview before your leave and the interview will be scheduled through me.  We can arrange to do the interview this week as you are not on maternity leave yet.  The agent will not contact you directly.

Thank you,

Amanda

> On Oct 13, 2021, at 2:53 PM, Marina Medvin, Esq. <marina@medvinlaw.com> wrote:
>
> I'll be on maternity leave, but we can do it in late February or early March. Have the agent contact me to set it up.
>
>> On Wed, Oct 13, 2021 at 2:42 PM Lingwood, Amanda Fretto (USADC) <Amanda.Lingwood@usdoj.gov> wrote:
>>
>> Ms. Medvin,
>>
>> At your convenience, please let me know some dates and times in October or early November when your client is available for the debrief.  Please propose several dates so we can find one that works for the FBI as well.
>>
>> Thank you,
>> Amanda
>>
>> Amanda Fretto Lingwood
>>
>> Assistant United States Attorney
>>
>> U.S. Attorney's Office for the District of Columbia
>>
>> 555 4th Street, N.W.
>>
>> Washington, DC 20530
>>
>> Office:  (202) 252-7268
>>
>> Amanda.Lingwood@usdoj.gov
>
> --
>
> Sincerely,
>
> Marina Medvin, Esq.

Senior Trial Attorney
& Owner

_____

MEDVIN LAW PLC
916 Prince Street
Alexandria, VA 22314
www.medvinlaw.com
_____

Ofc: (888) 886-4127
Dir: (703) 870-6868
Fax: (703) 870-3300

NOTICES:
This email may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. Further, if you are not the intended recipient, please reply to this email to let us know. Unless you have formally retained representation, any communication with this attorney cannot be construed as signifying the formation of an attorney-client relationship. For all recipients, this email contains general information only, and should not be construed as legal advice.

--

Sincerely,

Marina Medvin, Esq.

Senior Trial Attorney
& Owner

_____

MEDVIN LAW PLC
916 Prince Street
Alexandria, VA 22314
www.medvinlaw.com
_____

Ofc: (888) 886-4127
Dir: (703) 870-6868
Fax: (703) 870-3300

NOTICES:
This email may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. Further, if you are not the intended recipient, please reply to this email to let us know. Unless you have formally retained representation, any communication with this attorney cannot be construed as signifying the formation of an attorney-client relationship. For all recipients, this email contains general information only, and should not be construed as legal advice.