UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 1:21CR00068-001 |
| ) | |
| **Jenny Cudd,** ) | Judgment: March 23, 2022 |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO ALTER JUDGMENT

On March 23, 2022, Ms. Jenny Cudd was sentenced to a $5,000.00 fine, payment of $500 in restitution, and a special assessment of $25, in addition to two months of probation, for the trespass offense of *Entering and Remaining in a Restricted Building* under 18 U.S.C. § 1752(a)(1), a nonviolent misdemeanor conviction.

The Judgment for Ms. Cudd was signed and entered along with "Standard Conditions of Supervision."

Standard Condition of Supervision 10 states: "The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers)."

Standard Condition 10 serves to deprive the defendant of her constitutional right to possess a firearm. See U.S. Const. amend. II (ensuring that "the right of the people to keep and

bear Arms, shall not be infringed."); *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) ("the Second Amendment conferred an individual right to keep and bear arms").

A restriction on a defendant's constitutional right of possession of a firearm is a *discretionary condition* of probation under 18 U.S.C. § 3563(b), not a *mandatory condition* under 18 U.S.C. § 3563(a). See 18 U.S.C. § 3563(b)(8). A discretionary condition must relate directly to the crime of conviction. See *United States v. Smith*, 972 F.2d 960, 962 (8th Cir. 1992). A discretionary condition can only be imposed by the court "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b). And, an individual right cannot be deprived without due process of law. See U.S. Const. amend V; see also 18 U.S.C. § 3563(b).

While *Heller* carved out some exceptions for longstanding prohibitions of Second Amendment rights, this list was limited to "presumably lawful regulatory measures," examples including felons, the mentally ill, schools, and conditions on commercial sales. See 128 S. Ct. at 2817. This list did not include nonviolent misdemeanor convictions, and any potential argument of a "presumably lawful regulatory measure" for the deprivation of firearms possession in a misdemeanor case is undercut by the *discretionary* nature of the condition pursuant to 18 U.S.C. § 3563(b)(8).

In other words, this court is limited by the Constitution and by 18 U.S.C. § 3563, and does not have lawful authority to impose a restriction on firearms as a "standard condition" of probation on a misdemeanor offense without due process of law. This court did not engage in an

individualized "reasonably related" and "reasonably necessary" analysis prior to ordering the defendant be deprived of her Second Amendment right, nor a liberty deprivation or property deprivation analysis, as required under 18 U.S.C. § 3563(b). Indeed, the restrictive condition serves as a dual deprivation of both her *liberty* (Second Amendment) and *property* (possession of her firearms) right without due process of law. See U.S. Const. amend V; 18 U.S.C. § 3563(b). By imposing a restriction on a defendant's individual right to possess firearms without individualized analysis, the court deprives a defendant of her Second Amendment rights without Due Process as required by the Fifth Amendment, and violates the Eighth Amendment's restriction on excessive penalties.

The deprivation of Ms. Cudd's right to protect herself is not *reasonably related* to the factors set forth in sections 3553(a)(1) and (a)(2), as is required by 18 U.S.C. § 3563(b). Nothing in her case or background indicated that Ms. Cudd poses a physical danger to anyone. Nor is the condition *reasonably necessary* for Ms. Cudd for the purposes indicated in section 3553(a)(2), as is required under 18 U.S.C. § 3563(b). Ms. Cudd has been convicted of nonviolent trespass and her most harmful conduct was words.

Furthermore, the deprivation of her right to bear arms renders Ms. Cudd, a woman subjected to serious harassment and threats that have been reported to local law enforcement agencies, without the means to effectively defend herself in the event of an attack. Most recently, text messages have been sent to Ms. Cudd threatening her at her home address. The Supreme Court has recognized that "the need for defense of self, family, and property is most acute" in the home. *Heller* at 2817. While Ms. Cudd has reported this to local police, law enforcement officers

will not magically appear between an attacker and Ms. Cudd in the event that one of the individuals threatening her decides to pursue his words.

The deprivation of Ms. Cudd's ability to protect herself carries grave consequences for a woman subjected to constant threats and harassment and serves as a cruel and unusual punishment for the crime of nonviolent trespass.

Therefore, the defense moves to alter the Judgment and remove Standard Condition 10.

Date: March 25, 2022

Respectfully submitted,
By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on March 25, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.