UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) |
| v. | ) ) CRIMINAL CASE NO: 1:21CR00068-001 |
| **JENNY CUDD,** | ) ) JUDGMENT: MARCH 23, 2022 |
| DEFENDANT. | ) ) ) |

## REPLY TO GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO ALTER JUDGMENT

In response to Defendant's Motion to Alter Judgment by removing Standard Condition 10, the government filed a memorandum in opposition. While mostly filled with regurgitation of the case facts that the government had already argued at sentencing, the government makes one legal argument that needs to be addressed — that the deprivation of firearms is a "Standard Condition" listed under U.S.S.G. §5B1.3.

Indeed, Section C of U.S.S.G. §5B1.3 lists the deprivation of firearms as a "standard condition" that is *recommended* for probation. The key term here is *recommended*; it is not required.

This *recommendation* was introduced in 2016 as part of Amendment 803 to the Guidelines Manual. The explanation provided was "the Commission determined that reclassifying this condition as a 'standard' condition will promote public safety and reduce safety risks to probation officers."

Neither the government's memorandum nor the Sentencing Commission appeared to concern themselves with the constitutionality of this indiscriminate policy recommendation, or the fact that U.S.S.G. §5B1.3(c)(10) directly contradicts U.S.S.G. §5B1.3(b), which discusses the individualized due process analysis that is required for the implementation of a discretionary condition, including the deprivation of firearms pursuant to 18 U.S.C. § 3563(b)(8).

While the safety of a probation officer while visiting a defendant's home is certainly one component that can be considered in a due process analysis, it is certainly not the only one.[1] Pursuant to 18 U.S.C. § 3553(a), the court "shall consider" (not may consider, but *shall* consider) seven different factors with respect to sentencing; and if implementing 18 U.S.C. § 3563(b), the court can only impose discretionary conditions that are "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)."

These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553.

And even then, the discretionary condition can only be implemented "to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b).  See also *United States v. Ramos,* 763 F.3d 45 (1st Cir. 2014) (vacating certain terms of supervised release for the district court's failure to provide justification for the deprivations of liberty under U.S.S.G § 5D1.3(b)— failure to conduct an "inquiry that evaluates the justification for the ban" and noting the danger this poses, as "sentencing courts could abdicate their responsibility to assess the compatibility of supervised release conditions with the goals of sentencing"). In Ms. Cudd's case, the deprivation of her right to bear arms was not individually considered under the requisite analysis.

Without a full due process hearing, a deprivation of liberty or property is plainly unconstitutional. The offense-specific and defendant-specific analysis required under 18 U.S.C. § 3563(b) cites to some of the due process wording of the Fifth Amendment. See U.S. Const. amend V. A substantial deprivation of

---

[1] The Court has a variety of options to balance the interests of the Defendant and the probation officer. For example, the Court can require that a Defendant only remove firearms from the home on the day that a probation officer will be visiting. Alternatively, the court can entirely strike the standard condition that a probation officer should visit the home of this defendant, who was convicted of no more than a misdemeanor trespass offense. The deprivation of a defendant's constitutional right should not be the default position in the balancing of interests.

liberties takes place pursuant to the court mandating that a defendant abide by certain conditions under the threat of further punishment— one of those conditions being the full deprivation of a defendant's Second Amendment rights. See U.S. Const. amend II; 18 U.S.C. § 3563(b)(8). When a court implements a deprivation of a Constitutional right as a "Standard Condition" of probation and does not engage in a case-specific and defendant-specific analysis with respect to the particular constitutionally-protected liberty or property interest prior to the specific deprivation, the result is a due process violation under the Fifth Amendment. The policy *recommendation* under U.S.S.G. §5B1.3(c)(10), therefore, is unconstitutional.

For Ms. Cudd, the implementation of this condition without particularized analysis under 18 U.S.C. § 3563(b) is a violation of her statutory rights to due process, in addition to her constitutional right to due process and to bear arms, in addition to her right to fair punishment. See U.S. Const. amend II, V, and VIII. The government did not mention any of these rights, nor does the government respond to Defendant's arguments pursuant to *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). It appears the government concedes these issues, then attempts to advocate for an *ex-post-facto* justification based on facts the government believes are relevant to this issue — which the defense as opposes as an ineffective attempt to retroactively cure an initial due process violation without a hearing.

Individuals are certainly free to choose to relinquish their constitutional rights, and many do so. For example, individuals may consent to a warrantless search of the home that would otherwise be prohibited by the Fourth Amendment. And, since 2016, the vast majority of defendants appear to have consented to the deprivation of their Second Amendment, Fifth Amendment, and Eighth Amendment rights in the acceptance of the loss of their right to bear arms as a "Standard Condition" of supervision. Ms. Cudd is not one of these people; Jenny Cudd invokes all of her rights pursuant to the Bill of Rights.

Date: April 4, 2022

Respectfully submitted,
By Counsel:

_____/s/_____
Marina Medvin, Esq.

*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on April 4, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.