UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JENNY CUDD**, <br><br> Defendant. | Case No. 1:21-cr-00068 (TNM) |

## ORDER

Jenny Cudd moves to alter the Court's judgment against her denying her the right to possess a firearm while on supervision. *See* Mot. to Alter Judgment, ECF No. 96. A restriction on the right to possess a firearm is a discretionary condition of probation, not a mandatory one. *See* 18 U.S.C. § 3563(b). A discretionary condition can only be imposed by the Court "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." *Id.* Cudd contends that because she has a nonviolent misdemeanor conviction, the firearms restriction is not reasonably related to her conviction. Mot. to Alter at 1–3. More, Cudd maintains she has been threatened for her role in the Capitol on January 6 and needs a weapon to defend herself. *Id.* at 3–4.

The Government opposes the motion. *See* Opp'n to Def.'s Mot. to Alter J., ECF No. 99. It argues this condition of supervision is reasonably related to "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the office, and the need for the sentence imposed to afford adequate deterrence to criminal conduct." *Id.* at 5 (citing 18 U.S.C. §§ 3553(a)(2)(A) and (a)(2)(B)). The Government describes Cudd as courting violence. It highlights that she wore a bulletproof sweatshirt to the

Capitol, knew law enforcement was pepper spraying rioters, and yet continued into the building. Opp'n at 5–6.  The Government also points to several statements Cudd made, including: "[W]hen Pence betrayed us is when we decided to storm the Capitol"; "I'm proud of everything that I was part of today"; and "Yes, I would absolutely do it again." *Id.* at 2.

The Government argues these statements, together with Cudd's bulletproof sweatshirt, are indicative of violence.  *See id.* at 6.  And it claims that if Cudd does possess a firearm, she could be a danger to probation officers overseeing her on supervision.  *Id.* at 7.  But the Government presented no evidence that Cudd incited anyone to violence.  Nor did it present evidence that she participated in violence.  She has no prior criminal history.  And Cudd's bullet proof sweatshirt is consistent with her fear of being attacked at the rally preceding her entry into the Capitol.  This says nothing about her danger to others.

Cudd credibly claims that she has been threatened and needs protection.  *See* Mot. to Alter at 3–4.  At sentencing, the Court and the Government acknowledged the harassment she has faced.  And "the inherent right of self-defense has been central to the Second Amendment right."  *Dist. of Colum. v. Heller*, 554 U.S. 570, 628 (2008).  The Court will not limit that right for a nonviolent misdemeanant who credibly fears for her safety.

For all these reasons, it is hereby

ORDERED that Cudd's [96] Motion to Alter Judgment is GRANTED.  Standard Condition 10, USSG §5B1.3(c)(1), is removed from Cudd's terms of probation.

**SO ORDERED**.

Dated: April 7, 2022                                                        TREVOR N. McFADDEN, U.S.D.J.